IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY** ) <br> 30339 DIAMOND PARKWAY, #102 ) <br> GLENWILLOW, OHIO 44139, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> **YABER TECHNOLOGIES CO., LTD.** ) <br> BANTIAN GUOJI CENTER NO. 5 ) <br> BLDG B, RM 406 4/F ) <br> HUANCHENG SOUTH RD, BANTIAN ) <br> ST LONGGANG, SHENZHEN CHINA ) <br> 518000, ) <br> ) <br> Defendant. ) | CASE NO: <br><br> JUDGE: |

**COMPLAINT**
**(JURY DEMAND ENDORSED HEREIN)**

Plaintiff The NOCO Company d/b/a NOCO ("***Plaintiff***" or "***NOCO***"), by and through the undersigned counsel, and for its Complaint against Defendant Yaber Technologies Co., Ltd. ("***YABER***" or "***Defendant***"), states as follows:

### INTRODUCTION

1. YABER is willfully infringing upon NOCO's intellectual property in connection with Yaber's marketing and sale of competing products to consumers located in Ohio and throughout the United States of America. These infringing activities are illegal, and have harmed, and will continue to harm, NOCO.

1

## PARTIES

2. NOCO is an Ohio corporation engaged in the design, manufacture, and sale of premium battery chargers, portable power devices, jump starters, and aftermarket automotive products and accessories.

3. NOCO understands that YABER is a corporation organized under the laws of China engaged in the design, manufacture and sale of battery chargers and jump starters under the brand name "YABER".

4. YABER conducts business throughout the Ohio and the United States through sales of YABER products on: Amazon.com, Inc.'s ("**Amazon**") United States-targeted, e-commerce marketplace (the "**Amazon Marketplace**"); as a vendor on www.aliexpress.com; as a merchant on its own interactive websites at www.yabertech.com and www.yaberauto.com (collectively, the "**Yaber Websites**"); and possibly other websites.

5. YABER is unlawfully selling jump starters to customers in Ohio and in the United States through the Amazon Marketplace, alieexpress.com, the Yaber Websites, and possible other websites using NOCO's intellectual property in connection with such sales, without NOCO's permission or consent.

## JURISDICTION/VENUE

6. This Court has subject matter jurisdiction over NOCO's declaratory judgment claim pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57.

7. This Court has subject matter jurisdiction over NOCO's trademark claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because NOCO's trademark claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c).

8. This Court also has subject matter jurisdiction over NOCO's unfair competition claims, pursuant to 28 U.S.C. § 1338(b), because NOCO's unfair competition claims are joined with NOCO's substantial and related trademark claims.

9. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over NOCO's remaining claims because NOCO's remaining claims form part of the same case or controversy under Article III of the United States Constitution as NOCO's trademark and unfair competition claims.

10. Pursuant to Fed. R. Civ. P. 4(k)(1)(a) and O.R.C. § 2307.382, this Court has personal jurisdiction over YABER because, among other reasons, YABER regularly solicits and transacts business, supplies, distributes, and ships goods, and has caused tortious injury in the State of Ohio with knowledge that NOCO would be harmed within the State of Ohio.

11. YABER is also subject to this Court's exercise of personal jurisdiction by operation of Fed. R. Civ. P. 4(k)(2)

10. As a Chinese entity with a Chinese principal place of business, YABER is not subject to jurisdiction in any particular state's court of general jurisdiction.

11. This Court's exercise of personal jurisdiction over YABER comports with due process, is fundamentally fair, and is consistent with the United States Constitution and its laws. YABER has intentionally targeted and purposely availed itself of this forum by: deriving revenues from sales of its products bearing the "YABER" brand name on the

Amazon Marketplace from consumers located in Ohio and throughout the United States; offering for sale and selling products under the YABER brand name to consumers located in Ohio and the United States as a vendor on www.aliexpress.com, and on the interactive, personalized, and unique YABER Websites; conducting sales to consumers located in Ohio and throughout the United States; shipping products into Ohio and the United States; utilizing Ohio and the United States' infrastructure, such as roadways, railways, shipping ports, airports, and warehouses; and tortiously harming NOCO in Ohio with knowledge that NOCO would be harmed within the State of Ohio.

12. NOCO understands that YABER's activities have been significant, and YABER has made substantial and regular advertisements, marketing, shipments, distributions, and sales of YABER products to consumers located in Ohio and throughout the United States.

13. NOCO's claims arise from YABER's forum-related activity, including its operation of interactive websites and its infringing marketing, sales, and shipments into the forum, which are directly relevant to NOCO's cause of action.

14. YABER not only knows its products enter the United States, but also YABER specifically and actively targets the United States market, as shown in Figures 1 and 2, below.



*Figure 1: YABER's Shipping Policy, describing shipments to the United States, available at: https://yabertech.com/pages/shipping-policy-warranty.*

*Figure 2: YABER Official Store's AliExpress page, available at: https://www.aliexpress.com/item/4000844833489.html.*

15. This Court's exercise of personal jurisdiction over YABER is fair and reasonable because YABER has demonstrated an intent to avail itself to the benefits and protections of the laws that govern the United States and this forum through the nature, regularity, and relevance of YABER's contacts with the United States and this forum.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because: a substantial portion of the infringing sales were made to consumers located in Ohio and the United States; the intellectual property that has been infringed upon is the property of NOCO, an Ohio based company; and YABER can be said to have reached into this forum to unlawfully infringe on NOCO's intellectual property rights.

5

## BACKGROUND

17. NOCO and YABER compete in multiple regions, primarily the United States, in the battery jump starter market.

18. YABER has sought an unfair and illegal advantage in its competition with NOCO.

19. Recently, NOCO has discovered YABER'S trademark infringement, which is detailed below.

## THE TRADEMARK

20. NOCO sells its products on its website (https://no.co/), to wholesalers and authorized resellers and retailers, and through online stores such as the Amazon Marketplace.

21. NOCO protects its brand, its goodwill, and its valuable intellectual property, including through registration of its trademarks.

22. At issue in this case is NOCO's federally registered trademark ULTRASAFE®, with Registration No. 4,811,656 (the "*Trademark*"). The Certificate of Registration for the Trademark is attached as Exhibit 1 and is hereby incorporated by reference.

23. The Trademark covers: "battery jump starters, battery chargers, battery packs, inverters" in International Class 009.

24. NOCO also obtained an international registration of the ULTRASAFE® mark, covering the same goods in IC 009, with registration number 1481445. The international registration's summary is attached as Exhibit 2 and is hereby incorporated by reference.

25. NOCO actively uses, advertises, and markets its Trademark in commerce throughout the United States.

26. Examples of NOCO's use of the Trademark are included as Figures 3 and 4 below.



*Figure 3: NOCO product listing for the NOCO BOOST® PLUS™ GB40, available at no.co/gb40.*

7



*Figure 4: NOCO product listing for theNOCO BOOST® PLUS™ GB40, available at no.co/gb40.*

27. Because of the quality, reliability, and durability of NOCO's products, consumers trust NOCO's brands and the products which bear its trademarks and associate the NOCO brands with high quality, reliable, and durable products.

28. For all of these reasons, the Trademark is widely recognized by the general consuming public of the United States and NOCO is recognized as the source of products bearing the Trademark.

29. Due to the superior quality and exclusive distribution of NOCO products, and because NOCO is uniquely recognized as the source of these high-quality products, the Trademark has considerable value.

30. NOCO regularly monitors the marketplace to identify infringement, protect its consumers, and prevent brand dilution, tarnishment, and confusion as to the origin of its products.

31. In the course of such monitoring, NOCO has discovered that YABER is infringing upon the Trademark.

## THE INFRINGEMENT

32. YABER derives revenue from sales of its products on the Amazon Marketplace, www.aliexpress.com, the YABER Websites, and possibly other websites.

33. Additionally, YABER performs retail services and advertises YABER products through the internet.

34. YABER is using the Trademark in connection with its advertisement, offering for sale, and sales of jump starters as well as in the course of performing retail services online and through interstate commerce.

35. Specifically, YABER is unlawfully and unfairly promoting its competing products by using phrases protected by NOCO's trademark, including ULTRASAFE® in product titles and descriptions.

4873-9513-6012, v. 2

36. Screen captures depicting YABER's Amazon product listings and associated infringing material are included below as Figures 5 through 6.



*Figure 5: YABER's Amazon product listing for the YR900 jump starter, https://www.amazon.com/dp/B09KBVSJT1.*

4873-9513-6012, v. 2



*Figure 6: YABER's Amazon product listing for the YR900 jump starter, https://www.amazon.com/dp/B08B3YZPHH, which is been subsequently removed.*



*Figure 7: YABER's Amazon product listing for the YR900 jump starter, https://www.amazon.com/dp/B09JNVF9G6.*

37. As displayed in Figures 5 through 7 above, YABER has used the Trademark, in connection with online retail services and sales of jump starters, thereby plainly infringing upon NOCO's valid and subsisting trademark registration.

11

38. Specifically, YABER uses the Trademark to encourage Ohio and United States consumers to purchase YABER's competing similar products.

39. YABER does not have, and has never had, permission or authorization of any kind from NOCO for such use.

40. YABER's use of the Trademark is likely to cause, has caused, and will continue to cause consumer confusion, deception, and mistake, misleading and harming both consumers and NOCO.

41. YABER's calculated use of the Trademark willfully infringes upon NOCO's rights in the Trademark.

42. As of the date of this filing, YABER continues to violate NOCO's intellectual property rights.

## Count One
### Declaratory Judgment/Injunctive Relief
### (28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57)

43. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

44. An actual and justiciable controversy exists between NOCO and YABER related to whether YABER has the right to use the Trademark without NOCO's consent and in violation of NOCO's rights in the Trademark.

45. The Court, pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, should declare that YABER has no right or authorization to use the Trademark, as these actions have harmed and continue to harm NOCO in an amount to be determined at trial.

46. Such a declaration is proper, pursuant to U.S.C. § 2201(a) and Fed. R. Civ. P. 57, because it would terminate an "actual controversy" between the parties and declare NOCO's rights with respect to this issue.

### Count Two
### Trademark Infringement (15 U.S.C. § 1114)

47. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

48. NOCO is the owner of the Trademark (ULTRASAFE®).

49. NOCO has registered the Trademark with the United States Patent and Trademark Office.

50. NOCO's Trademark is valid and in full force and effect.

51. YABER uses the Trademark in interstate commerce in connection with its sale of competitive products without NOCO's authorization or consent.

52. YABER's use of the Trademark is likely to cause confusion among consumers as to the source and origin of the parties' products.

53. YABER's use of the Trademark constitutes willful trademark infringement pursuant to 15 U.S.C. § 1114.

54. As a result, NOCO has suffered damages and will continue to suffer damages in an amount to be proven at trial.

### Count Three
### Trademark Dilution (15 U.S.C. § 1125)

55. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

56. NOCO is the owner of the Trademark (ULTRASAFE®).

13

4873-9513-6012, v. 2

57. NOCO has registered the Trademark with the United States Patent and Trademark Office.

58. NOCO's Trademark is valid and in full force and effect.

59. The Trademark has become famous as a result of voluminous sales through numerous prominent channels of trade, extensive and far-reaching advertising efforts over an extended period of time, and federal and international registration.

60. The Trademark is distinctive and well known within the battery and battery charging industry and more broadly among the purchasing public.

61. YABER's unauthorized use of the Trademark is causing the willful dilution of the Trademark by blurring and tarnishing the reputation and goodwill associated with the Trademark in violation of 15 U.S.C. § 1125(c).

62. As a result, NOCO has suffered damages and will continue to suffer damages in an amount to be proven at trial.

## Count Four
### Ohio Deceptive Trade Practices (O.R.C. § 4165.02)

63. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

64. NOCO is the owner of the Trademark (ULTRASAFE®).

65. NOCO has registered the Trademark with the United States Patent and Trademark Office.

66. NOCO's Trademark is valid and in full force and effect.

67. YABER's unauthorized use of the Trademark is likely to cause confusion as to the source of the parties' products in violation of O.R.C. § 4165.02(A)(2).

68. YABER's unauthorized use of the Trademark creates the misperception that YABER and NOCO are affiliated, which violates O.R.C. § 4165.02(A)(3).

69. As a result, NOCO has suffered damages and will continue to suffer damages in an amount to be proven at trial.

## Count Five
## Unfair Competition

70. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

71. NOCO is the owner of the Trademark (ULTRASAFE®).

72. NOCO has registered the Trademark with the United States Patent and Trademark Office.

73. NOCO's Trademark is valid and in full force and effect.

74. YABER uses the Trademark in interstate commerce in connection with its sale of competitive products without NOCO's authorization or consent.

75. YABER unfairly competes with NOCO through its authorized use of the Trademark.

76. YABER's actions have damaged NOCO in the form of, *inter alia*, lost sales, harm to reputation, trademark infringement, trademark dilution, and tarnishment.

77. As a direct and proximate cause of YABER's conduct, NOCO has suffered and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE**, NOCO prays for judgment as follows:

A. As to Count One, an order declaring that Defendant willfully infringed on NOCO's Trademark and permanently enjoining Defendant from any further use of the Trademark;

B. As to Count Two, and pursuant to U.S.C. § 1117(a), award NOCO up to three (3) times its actual and compensatory damages as determined at trial, which exceed $25,000, pre-judgment and post-judgment interest, as well as attorneys' fees and costs; disgorge Defendant of the proceeds from its infringing sales; and permanently enjoin Defendant from using, and willfully infringing upon, the Trademark;

C. As to Count Three, pursuant to 15 U.S.C. § 1117(a), award NOCO up to three (3) times its actual and compensatory damages determined at trial, which exceed $25,000, pre-judgment and post-judgment interest, as well as NOCO's attorneys' fees and costs; disgorge Defendant of all proceeds from its infringing sales; and permanently enjoin Defendant from using, and willfully infringing upon, the Trademark;

D. As to Count Four, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, pre-judgment and post-judgment interest, as well as NOCO's attorneys' fees and costs; disgorge Defendant of its profits from all infringing sales; and permanently enjoin Defendant from using the Trademark in violation of O.R.C. § 4165.02;

E. As to Count Five, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, pre-judgment and post-judgment interest, as well as NOCO's attorneys' fees and costs; disgorge Defendant of the proceeds from their infringing sales; and permanently enjoin Defendant from unfairly competing with NOCO by using the Trademark; and

F. All other relief that this Court shall deem just and proper.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon P. Pinney*
JON J. PINNEY (0072761)
DEREK P. HARTMAN (0087869)
ALEXANDER M. WELSH (0096880)
ANNA E. BULLOCK (0100008)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
Phone: 216-696-8700; Fax: 216-621-6536
Email: jjp@kjk.com; dph@kjk.com amw@kjk.com; aeb@kjk.com
*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

*/s/ Jon J. Pinney*
JON J. PINNEY