UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| NOCO COMPANY, | : | CASE NO. 22-cv-216 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 5] |
| v. | : | |
| | : | |
| YABER TECHNOLOGIES CO., LTD., | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff NOCO Company ("NOCO") sues Defendant Yaber Technologies Co., Inc., for trademark infringement, trademark dilution, deceptive trade practices under Ohio law, and unfair competition.[1]

Plaintiff NOCO is an Ohio corporation.[2] Plaintiff says that Defendant is organized under Chinese law.[3]

Plaintiff NOCO has not yet successfully served Defendant. Now, Plaintiff moves to serve Defendant via email.[4] For the following reasons, the Court **GRANTS** Plaintiff's motion.

I. Background

Plaintiff attempted to serve Defendant through the addresses listed on Defendant's U.S. trademarks.[5] Plaintiff did not receive responses to any of the waiver packages Plaintiff sent to these two addresses. Now, Plaintiff says that "Plaintiff believes Defendant has

---

[1] Doc. 1.
[2] *Id.* at ¶ 2.
[3] *Id.* at ¶ 3.
[4] Doc. 5.
[5] *Id.* at 3-5.

Case No.
GWIN, J.

moved or is intentionally evading service efforts."[6]

Plaintiff also emailed digital service waiver packages to the attorneys of record for Defendant's U.S. trademarks.[7] Both attorneys responded that they do not represent Defendant for purposes of this suit.

Now, Plaintiff seeks to serve Defendant by alternative means: email.[8] Plaintiff requests leave to serve Defendant through the email addresses Defendant uses on its websites for business inquiries and through the email addresses it lists as correspondence email addresses in U.S. Patent and Trademark Office filings.

## II. Discussion

Under Federal Rule of Civil Procedure 4, courts may order service to individuals in foreign countries under alternative methods.[9]

Federal courts in Ohio allow email service where (1) no international agreement prohibiting email service applies, and (2) email service satisfies due process.[10]

Here, email service meets both requirements.

First, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents does not apply to this case. The Hague Convention does not apply "where the address of the person to be served is not known."[11] Here, Plaintiff does not know Defendant's physical address.

Second, email service satisfies due process. To meet this requirement, the service method must "be reasonably calculated, under all the circumstances, to [apprise] interested

---

[6] *Id.* at 5.
[7] *Id.* at 4.
[8] *Id.* at 2.
[9] Fed. R. Civ. P. 4(f)(3).
[10] *Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co., Ltd.*, 338 F.R.D. 100, 105 (N.D. Ohio 2021).
[11] *Id.* at 104 (citing Hague Convention, Art. 1).

Case No.
GWIN, J.

parties of the pendency of the action and afford them an opportunity to present their objections."[12] Other district courts in the Sixth Circuit have found that email service is appropriate for online vendors because their businesses depend on email communication.[13] Here, Plaintiff showed that the proposed email addresses are valid by sending test emails that did not bounce back.[14]

### III. Conclusion

The Court **GRANTS** Plaintiff's motion for leave to serve Defendant by email.

IT IS SO ORDERED.

Dated: July 26, 2022      *s/    James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

[12] *Id.* at 105 (citation omitted).
[13] *Id.* at 106; *Chanel, Inc. v. Song Xu*, 2:09-CV-02610-CGC, 2010 WL 396357, at *4 (W.D. Tenn. Jan. 27, 2010); *Aerodyn Engr., LLC v. Fidia Co.*, 20-10896, 2020 WL 3000509, at *2 (E.D. Mich. June 4, 2020).
[14] Doc. 5 at 7.